J-S16002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MANH X. DO | |
| Appellant | No. 1035 EDA 2015 |

Appeal from the Order March 10, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003667-2012

BEFORE:  OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED March 21, 2016**

The Commonwealth appeals from an order suppressing all evidence obtained pursuant to a search warrant dated October 19, 2011 for 2841 Kensington Avenue in Philadelphia.  For the reasons that follow, we reverse and remand for further proceedings.

The record reflects that Agent David Carolina, Jr. began his career as a Philadelphia police officer in 1997 and had extensive experience as a narcotics officer.  Subsequently, he joined the Bureau of Narcotics Investigation and Drug Control of the Office of Attorney General.

On October 19, 2011, Agent Carolina obtained a search warrant for the building located at 2841 Kensington Avenue in Philadelphia, Pennsylvania. The relevant factual allegations in the agent's affidavit of probable cause were as follows.

1

In August 2011, a confidential informant ("CI") contacted Agent Carolina while the CI was in custody on other charges. The CI stated that during June 2011, he/she had illegally entered the building at 2841 Kensington Avenue several times. While inside, the CI observed a marijuana grow lab containing several hundred marijuana plants on the first floor, second floor and basement. Review of various databases indicated that Manh X. Do and Tieu X. Do were the owners of the property.

During August 2011, Agent Carolina conducted surveillance at the property and observed dark material covering all of the windows. He later observed that the dark material was replaced by closed blinds. At no point did he see anyone go inside or outside.

At 10:30 a.m. on October 19, 2011, Agent Carolina observed a Toyota and a Dodge pickup truck parked in the rear of 2841 Kensington Avenue. Both vehicles were registered to Manh Do, although the Toyota was registered to another address in Penndel, Pennsylvania. At 11:30 a.m., a man later identified as Khanh Nguyen entered the Toyota, exited the Toyota, and entered the pickup truck.

With Nguyen as a passenger, Manh Do drove the pickup truck to a hydroponic garden supply store in Gloucester City, New Jersey. Agent Carolina was familiar with the store and the use of synthetic soil in growing marijuana. Other agents on Agent Carolina's team observed the two men enter the garden supply store. Agent Carolina himself observed the two

men at the counter, where one man ordered thirty bales of synthetic soil. The cashier responded that the Dodge truck was not large enough to hold so large a purchase.

Manh Do and Nguyen eventually purchased numerous bales of synthetic soil, loaded them into the back of the truck, covered the bales and transported them back to the building on Kensington Avenue. At 1:10 p.m., the truck entered the garage in the back of the property.

A few minutes later, Nguyen drove the Dodge truck away by himself. The bales were no longer in the truck. The truck proceeded to 4724 Disston Street, where Nguyen entered with a key. At 3:20 p.m., Nguyen left the residence, locked the door and drove away in the truck. Nguyen appeared to be aware that agents were following him, because he began driving around in circles. The agents eventually detained Nguyen at Welsh and Roosevelt Boulevard in Philadelphia and obtained identification from Nguyen that revealed an address of Montreal, Quebec. Agent Carolina averred that he knew through training and experience that Asian males from Canada come to Philadelphia and help set up grow labs.

Later that day, law enforcement officials executed the warrant and discovered substantial evidence of a marijuana grow lab, including 179 marijuana plants, the bales of artificial soil purchased in New Jersey, bags of marijuana, exhaust fans, 60 1000-watt light bulbs and other equipment.

Manh Do was charged with, *inter alia*, manufacture or possession of a controlled substance with intent to deliver and criminal conspiracy[1]. On March 10, 2015, the trial court granted Do's motion to suppress the evidence obtained during the search. The Commonwealth filed a timely notice of appeal, and both the Commonwealth and trial court complied with Pa.R.A.P. 1925.

The Commonwealth raises one issue in this appeal:

Did the lower court err in finding that a search warrant was not supported by probable cause, where police learned from a known confidential informant in custody on other charges who had been inside a house and reported that the first floor, second floor, and basement constituted a 'marijuana grow lab'; police corroborated this information by surveillance that established (*inter alia*) that the windows of the house were covered, and later the coverings were replaced by blinds; the officers observed [Do] and his accomplice, who used a key to the house, go to the hydroponic gardening store in New Jersey and order thirty bales of synthetic soil, some or all of which they transported to the garage at the house; and in light of their training and experience knew that using large amounts of hydroponic supplies in a residence indicates operation of an indoor marijuana growing facility?

Commonwealth's Brief, at 2.

We begin by observing that this appeal is properly before us. In a criminal case, the Commonwealth may appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the

_____

[1] 35 P.S. § 780-113 and 18 Pa.C.S. § 903, respectively. At a different caption number, Nguyen entered a negotiated guilty plea to manufacturing a controlled substance and criminal conspiracy

prosecution. Pa.R.A.P. 311(d). The notice of appeal in this case complies with Rule 311(d).

Probable cause is simply "a reasonable ground for belief of guilt." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003). When reviewing a warrant application, the issuing authority need only make a "practical, common sense decision" whether, in light of the facts set forth in the affidavit of probable cause, there is a "fair probability" that evidence of a crime will be found at the place to be searched. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983); *Commonwealth v. Gray*, 503 A.2d 921, 925 (Pa.1985). The requirement is a "probability, and not a prima facie showing of criminal activity." *Gates,* 462 U.S. at 235.

Whether probable cause exists must be considered in light of the totality of the circumstances as seen through the eyes of a trained police officer. *Commonwealth v. Thompson*, 985 A.2d 928, 935-36 (Pa.2009). Thus, probable cause does not demand the certainty associated with formal trials. *Commonwealth v. Otterson*, 947 A.2d 1239, 1244 (Pa.Super.2008).

The probable cause determination is made on the basis of the information within the "four corners" of the warrant affidavit. Pa.R.Crim.P. 203(B); *Commonwealth v. Stamps*, 427 A.2d 141, 143 (Pa.1981). Subsequent judicial review is limited to determining whether a substantial basis exists for the issuing authority's determination of probable cause.

*Commonwealth v. Coleman*, 830 A.2d 554, 560 (Pa.2003). "Since no factual question is involved in a four corners analysis of the sufficiency of a warrant affidavit, the issue is one of law as to which [this Court's] review is plenary." *Id*.

We hold that Agent Carolina's affidavit stated sufficient information to support a finding of probable cause. Because the informant who provided the tip to Agent Carolina was confidential, the agent could not assume that the tip was reliable, but it was still possible to establish probable cause by corroborating major portions of the information in the tip. *Otterson*, 947 A.2d at 1245.

For several reasons, the information gathered by law enforcement personnel corroborated the informant's tip that the building served as a marijuana grow lab. First, the lack of visible activity at the property indicated that its owners were not using it as a residence. Nobody went in or out of the building; Do's car was registered at another address; the windows were covered by dark material and later by closed blinds. All of this indicated that the owners were using the building for some secret purpose. Second, Agent Carolina's investigation confirmed that the owners were using this urban building for hydroponics farming. Manh Do and Nyugen attempted to purchase such a large load of synthetic soil at the garden supply store that the cashier warned it would not fit in Do's truck. They eventually purchased numerous bales of synthetic soil, transported

them to the property and unloaded them into the garage. Finally, Nguyen's evasive behavior after leaving the building -- driving in circles upon realizing that agents were tailing him -- indicated that he was attempting to hide illegal acts. **See Commonwealth v. Dixon**, 997 A.2d 368, 380 (Pa.Super.2010) (en banc) ("observed suspicious behavior (the furtive glances up and down the street)" supported officer's belief of probable cause). Viewed collectively, this evidence sufficiently corroborated the informant's tip to provide probable cause to search the building.

Like the trial court, we conclude that Agent Carolina's assertion that Asian males from Canada come to Philadelphia and help set up grow labs smacks of racial stereotyping and is not a valid basis for finding probable cause. But when improper information such as this is in the affidavit, the remedy is to disregard this detail and determine whether the untainted information in the affidavit provides probable cause. **See Commonwealth v. West**, 937 A.2d 517, 529-30 (if untainted information furnishes probable cause, then warrant is valid despite inclusion of illegally obtained information). The untainted information in the warrant in question furnished probable cause for the search of 2841 Kensington Avenue.

The trial court focused unduly on what was not in the affidavit instead of what was in the affidavit. The court expressed concern that no "follow-up … occurred regarding what was going on inside" the property after delivery of the synthetic soil. The court also faulted the Commonwealth for failing to

produce electric bills demonstrating excessive usage of electricity for a building in that area of Philadelphia. In addition, the court noted that there were two confidential informants in *Otterson*, a decision which upheld a search warrant for a marijuana grow lab, while there was only one informant in the present case. Although all of this evidence might have been helpful, it was unnecessary: the evidence that Agent Carolina actually provided was sufficient to obtain a search warrant. "The existence of arguably more persuasive means of corroboration [does] not by itself render insufficient that information which was produced by police action." *Commonwealth v. Woods*, 590 A.2d 1311, 1314 (Pa.Super.1991) (rejecting argument that absence of more specific corroboration of informant's tip, such as "a controlled buy, observations of specifically prohibited transactions, or confirmation with other informants," undermined probable cause in warrant). The trial court also questioned the lack of controlled buys at the building -- but the building was a suspected hydroponic farm, not a location for drug sales, so the lack of controlled buys was understandable.

For these reasons, we conclude that the trial court erred in suppressing the evidence seized pursuant to the search warrant for 2841 Kensington Avenue. Accordingly, we reverse the suppression order and remand for further proceedings.

Order reversed; case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/21/2016